ACTION of debt on the sheriff's recognizance, against the principal and sureties. *Page 30 
Tried before Judges Harrington and Layton, the Chief Justice having been of counsel in the cause.
The narr. set out the recognizance and also a judgment recovered at the suit of Thomas Janvier vs. Enoch E. Camp, for $1,712 00 — (Real debt $855 50:) — A fi. fa. issued and returned: "Stayed by order of plaintiff:" — An alias fi. fa. issued and delivered to the sheriff and returned "Levied on goods and chattles as per inventory and appraisement annexed, subject to rent due; afterward sold said goods for $480 64:" — and assigned the following breaches: —
1st. That the sheriff did not duly return this writ: 2d. That he did not proceed to execute it without delay, but after the seizure and appraisement, left the goods in defendant's hands, c., and refused and neglected to sell them after the thirty days allowed by law expired, although urged to sell by the plaintiff. 3d. That he returned a levy subject to rent due, whereas there was no rent due, nor were all the said goods subject to rent. 4th. That the sheriff seized and appraised goods of defendant to the value of $1,024 00, from which he ought to have made the debt; but that disregarding,c., he had not the money at court, c. 5th. The non-payment to plaintiff of the amount of sales returned, viz: $480 64.
To these breaches the defendants pleaded: 1st. Nul tiel record
as to the recognizance; the judgment; the fi. fa, and thealias fi. fa. 2d. To the first breach, that Peter Vandever was not sheriff at the return day of the writ. 3d. To the second breach, that he did duly execute the writ of fi. fa., and sold the goods on the 19th November, 1836, for $480 64. 4th. To the third breach, that there was rent clue from Camp which the sheriff was bound to pay out of the sales of the goods. 5th. To the fourth breach, that the sheriff sold all the goods seized, for $480 64. 6th. To the fifth breach, payment of the amount due to plaintiff out of the sales, deducting rent and costs.
On the trial of the pleas of nul tiel record, the judgment
was objected to, 1st. Because it was a judgment confessed in vacation, on warrant of attorney; and, on looking at the narr., it appeared not to be signed by the attorney. The judgment is a nullity without the confession, and there is no confession without the signature of the attorney to the narr. The warrant is general to any attorney; it is an act done out of court and, therefore, ought to be strictly done. The entry of the judgment by the prothonotary is of no avail without a sufficient confession, which cannot be without the signature of the attorney confessing the judgment.; and this is the usual practice. 2d. That the narr. filed on which that judgment was confessed, *Page 31 
states the debt to be clue to Thomas Janvier, in trust, and the declaration in this case sets out a judgment in favor of Thomas Janvier, trustee: that this being matter of description was fatal.
It was answered that this narr., was drawn in the attorney's handwriting, contained his name in the body of the confession, and was endorsed with a direction to the prothonotary to enter the judgment according to this confession, and this direction wassigned by the attorney: that if the want of the attorney's signature were error, the court would allow it now to be signed and thus amended, or would even allow a new narr. to be filed nunc pro tunc: that as to the other ground the judgment set out was precisely as it stood on the record, in the name of Thomas Janvier,trustee, although it was true that in the confession it was to Thomas Janvier, in trust. The former and not the latter was the judgment declared on. But additionally on the plea of nul tiel record the matter for trial was, whether there is a record of such a judgment, and not whether such judgment was entered regularly or irregularly. The propriety of the entry of such judgment cannot be inquired into in this proceeding; nor otherwise than on a writ of error.
To which it was replied, that as to the amendment, it was not allowable after the jury was sworn. It would be to grant leave now to enter the judgment; for if the confession in the narr., be Hot sufficient to justify the entry, then there is no judgment. Yet
the plaintiff had declared that there was a judgment, and the parties were at issue on that question. Doubtless, under other circumstances, and on motion on the equity side of the court, permission might be granted to sign the attorney's name, or even to file a new narr., nunc pro tunc; but not for the purposes of a cause standing at issue on the very point, and with a jury drawn and sworn.
Per Curiam.
The points presented on the pleas of nul tiel record in this case are two: 1st. That the judgment set out in the declaration does not legally exist, because the confession in virtue of which it was entered, was not signed by the attorney; and 2d. That it is not the same judgment with the one now produced, because it is stated to be at the suit of Thomas Janvier, trustee, and theconfession produced to sustain the judgment declared on, is in favor of Thomas Janvier, in trust. The record entry of the judgment is as described in this declaration, in favor of Thomas Janvier, trustee, differing in that respect in terms, from the confession of judgment.
We are then to inquire 1st. What is the judgment; the record entry *Page 32 
made by the prothonotary and signed by him, or the written confession drawn up by the attorney and left with him as his authority to enter the judgment? The old constitution, article 6, section 18, authorized the prothonotary "to sign confessions of judgment." The amended constitution, article 6, section 23, empowers the prothonotary "to enter judgments according to law and the practice of the court." The power conferred by the two constitutions was probably intended to be the same; but the latter refers to existing laws, which regard the docket entry as the judgment. (Digest 393, 485.) The act concerning the lien of judgments declares that they shall not bind by relation to the term in or of which they are entered "but only from the time of actual entering or signing;" provided that judgment upon a verdict, if entered before the end of the. next term, shall be deemed to be entered at the same time as the verdict. In case of several verdicts entered on the same day, the first entered
shall have priority, c. c.
From these it appears that the judgment is the record entry made by the clerk, which in this case corresponds exactly with the judgment declared on. But, if this were not so, the question would be whether we could not allow the plaintiff now to amend his confession, by signing the attorney's name to it. In both of our constitutions provisions have been made authorizing the amendment of pleadings for the purposes of justice, at any time before judgment; showing a solicitude on this subject which, I think, has not been met by a corresponding liberality in the courts. Immediately after the adoption of the constitution of 1792, the construction placed upon this clause, restrained amendments to narrower limits. They are not allowed "at any time before judgment." For more than forty years the decisions and practice have uniformly refused to permit the amendment of pleadings, so as to affect issues of fact after a jury was sworn. The rule is no doubt in general correct, to keep the parties to the matters they have agreed to try, and the jury to the issues they have sworn to try; and the jury could not properly proceed with the cause after the issues were changed; but it would often be better, and conduce more to the ends of justice, to discharge a jury so circumstanced, at the expense of the party requiring the amendment, than to compel him to go to trial when his pleadings do not present the true points of his cause; or turn him out of court perhaps without remedy. The rule, however, as to amending issues of fact was the established rule of both the old courts, and has been followed by this court; but it is not necessarily applicable to an issue on a plea of nul *Page 33 
tiel record, as to which the jury are not sworn, and which they are not to try. In such case, where justice seemed to require it, this court has heretofore allowed amendments; and we are disposed to follow if not to extend such practice in accordance with the constitutional authority and the requirements of justice. In the case of Latimer, administrator of Richardson vs. Vandever, which was a scire facias on a judgment entered by confession in 1806, brought to May term 1836, the plea of nul tiel record was pleaded; and, when the case came on for trial, it was objected on this issue that no narr.
had ever been filed authorizing the entry of judgment. When, "on motion of R. H. Bayard, attorney for plaintiff, it was ordered by the court that a narr be filed nunc pro tunc."
For another reason the defendants must fail on their plea of nul tiel record. On such plea the sole question is whether there be such a judgment as is declared on, and it is not competent to object to the warrant of attorney, or the mode of its execution. The defendant must move to set aside the judgment, or take his writ of error. The plaintiff in this case may amend his narr. in the judgment confessed, by adding the attorney's name to it, if he please; but we shall give judgment against the defendant on the plea of nul tiel record, without such amendment, on the other ground.
The plaintiff then gave in evidence the judgments of Thomas Janvier, trustee vs. Enoch E. Camp, for $855 50, real debt and interest thereon from 8th February, 1836; a fi. fa. to May term, 1836, "stayed by order of plaintiff;" and an alias fi. fa. to November term, 1836, dated May 12, 1836, and returned "levied on goods and chattels as per inventory and appraisement (dated 31st May, and amounting to $1024 00) subject to rent; and goods afterwards sold for $480 64."
He proved that the articles levied on, being a printing press and establishment, and small stationery store, were left with the defendant after the levy, and used by him; that he gave the sheriff written notice on the 4th October, to proceed with the execution and sell the goods, which the sheriff refused to do, but left them with the defendant until the 19th November, being the Saturday next before his writ was returnable on Monday, when he sold such of them as could be found for $480 64.
On this proof, Rodney and Booth for the plaintiff, asked the jury to render a verdict against the sheriff and his sureties, for the whole amount of plaintiff's judgment, for the sheriff's neglect in executing the alias fi. fa.
J. A. Bayard, contra, contended that if the sheriff executed the *Page 34 
writ according to its command, it was sufficient: that he had the whole period up to the return day for the execution of process,, and the plaintiff had no right to interfere with or direct him: that he was not bound to sell at the plaintiff's orders, hut under the order of his writ; and if he did sell, though at the last moment before the court, he discharged his duty and was not liable for the delay, unless that was fraudulent, in which case his sureties would not be liable. If he wilfully and maliciously delayed the sale to defraud the plaintiff, the sheriff would be liable in an action on the case; but neither he nor his sureties on the recognizance. He would be equally liable to the defendant for selling maliciously too soon, as to the plaintiff for maliciously delaying the sale; and to both in the same form of action.